UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| EDISON HESTER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:18-cv-00844-AGF |
| | ) | |
| EILEEN RAMEY, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on petitioner Edison Hester's motions to consolidate this case with *Hester v. Ramey*, No. 4:18-cv-00845-SNJL (E.D. Mo.). (Docket No. 3; Docket No. 6).[1] For the reasons discussed below, petitioner's motions are denied.

**Discussion**

A district court has broad discretion in ordering the consolidation of cases, but the Court's discretion is not unbounded. *Enter. Bank v. Saettele*, 21 F.3d 233, 235 (8th Cir. 1994). The consolidation of cases is governed by Rule 42(a) of the Federal Rules of Civil Procedure, which provides:

> If actions before the court involve a common question of law or fact, the court may:
>
> (1) join for hearing or trial any or all matters at issue in the actions;
>
> (2) consolidate the actions; or
>
> (3) issue any other orders to avoid unnecessary cost or delay.

---

[1] In his first motion, petitioner requested that both cases be consolidated before this Court. In his second motion (Docket No. 6), petitioner requested that this case be consolidated with the higher-numbered case.

Fed. R. Civ. P. 42(a). Before ordering consolidation, the court must examine "the special underlying facts" with "close attention." *In re Repetitive Stress Injury Litig.*, 11 F.3d 368, 373 (2nd Cir. 1993). "The party moving for consolidation bears the burden of showing commonality of factual and legal issues in different actions." *Id*. Pursuant to the Local Rules of this Court, the district court judge presiding in the lowest-numbered case shall rule on the motion to consolidate. E.D. Mo. L.R. 4.03.

Petitioner has filed two separate actions under 28 U.S.C. § 2254, both involving the same parties. However, the review required for each separate case appears to be different. In the instant case before the Court, No. 4:18-cv-844-AGF, petitioner states that he was committed to a mental health facility on March 8, 2012 without the benefit of counsel. He appears to be seeking conditional release under the Missouri Department of Mental Health laws, asserting that he is no longer a danger to himself or others. *See* Mo. Rev. Stat. § 552.040.7(6). Petitioner states that he was committed after being found permanently incompetent to proceed in a state criminal case, *State v. Hester*, No. 1022-CR05232-01 (22nd Circuit Court, St. Louis City). Prior to reviewing the merits of whether or not petitioner could seek conditional or unconditional release, the Court would have to review whether petitioner has exhausted his state court remedies regarding his commitment. *See Frederickson v. Wood*, 87 F.3d 244, 245 (8th Cir. 1996) ("As a prerequisite for federal habeas review, a petitioner must exhaust state remedies").

On the other hand, in No. 4:18-cv-845-SNLJ, petitioner is seeking relief from a judgment of a state court criminal conviction in *State v. Hester*, No. 722-CR07452-01 (22nd Circuit Court, St. Louis City). In that case, petitioner was sentenced to concurrent terms of fifteen years and seven years, six months imprisonment. The Honorable Stephen N. Limbaugh, Jr. has already required

2

petitioner to show cause as to why his petition for relief should not be dismissed for untimeliness. Thus, petitioner's purported mental health issues may only be reviewed in his habeas action to the extent he is able to assert that his purported mental illness had some effect on his ability to exhaust his state court remedies.

The two habeas actions before the Court simply do not share a commonality of legal and factual issues such that consolidation is appropriate. Moreover, Rule 2(e) of the Federal Rules Governing Habeas Corpus Under § 2254 Cases requires that "[a] petitioner who seeks relief from judgment of more than one state court must file a separate petition covering the judgment or judgments of each court." In this case, the Court finds that it is appropriate for separate actions to occur so that separate reviews on petitioner's separate legal questions can evolve. Such a finding is in keeping with Fed. R. Civ. P.42 as well as Rule 2(e) of the Rules of Habeas Corpus.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motions to consolidate (Docket No. 3; Docket No. 6) are **DENIED**.

**IT IS FURTHER ORDERED** that a copy of this Order shall be filed in *Hester v. Ramey*, No. 4:18-cv-00845-SNJL (E.D. Mo.).

Dated this 24th day of September, 2018.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE