UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| EDISON HESTER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | No. 4:18-CV-845 SNLJ |
| | ) | |
| EILEEN RAMEY, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner Edison Hester's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docket No. 1). The petition appears to be time-barred, and the Court will order petitioner to show cause why it should not be summarily dismissed.

On April 3, 2007, petitioner was charged with burglary in the second degree, property damage in the first degree, and theft/stealing under $500. *Missouri v. Hester,* No. 0722-CR07452-01 (22nd Circuit Court, St. Louis City).[1] Petitioner pled guilty to the charges, and on March 13, 2009, the trial court sentenced him to concurrent terms of fifteen years, seven years, and six months imprisonment. However, the court suspended the execution of the sentence and

---

[1] Movant also pled guilty on March 13, 2009 in *Missouri v. Hester*, No. 0722-CR04623 (22nd Circuit Court, St. Louis City). The charges in that case were nineteen counts of burglary second degree, one count of attempted burglary second degree, twelve counts of stealing under $500, two counts of stealing over $500, and one count of stealing a motor vehicle. He was sentenced to numerous concurrent sentences of fifteen years, seven years, and six months imprisonment.

placed petitioner on probation in a long term treatment program.[2] Petitioner did not file a direct appeal.

On November 16, 2011, the trial court found that petitioner had violated the conditions of his probation. The trial court revoked petitioner's probation and sentenced him to fifteen years imprisonment. On August 18, 2014, petitioner filed a Rule 24.035 motion for postconviction relief challenging the 2009 conviction. *Hester v. Missouri*, No. No. 1422-CC09496 (22nd Circuit Court, St. Louis City). Because his motion was filed in an untimely manner, the Court dismissed his motion for post-conviction relief without assigning counsel.

In the instant petition, petitioner argues that that the Missouri state trial court lacked subject matter jurisdiction and "grossly violated" both his federal and state due process rights. Specifically, petitioner asserts that the trial court lacked subject matter jurisdiction to accept his plea and impose a sentence. Petitioner also alleges bad faith on the part of the State of Missouri, as well as the absence of counsel.

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief. A district court can dismiss an untimely § 2254 petition on its own motion after giving notice to the petitioner. *See Day v. McDonough,* 126 S. Ct. 1675, 1684 (2006).

Title 28 U.S.C. § 2244(d), imposes a one-year limitation period on the filing of § 2254 petitions in the federal courts. A petitioner generally has one year from the date the conviction became final to file a federal habeas petition. 28 U.S.C. § 2244(d)(1)(A). Exceptions exist, but

---

[2]Movant successfully completed the treatment program and he was ordered released on probation on May 19, 2010. Movant subsequently violated terms of his probation, and his probation was revoked on November 16, 2011.

none of the exceptions appear to apply in this case. Nor does the limitations period appear to have been tolled under § 2244(d)(2).

Under Missouri law, a suspended execution of sentence is an entry of judgment, because the sentence has been assessed and only the act of executing the sentence has been suspended. *See, e.g., Missouri v. Nelson*, 9 S.W.3d 687, 688 (Mo. Ct. App. 1999). The time for filing a direct appeal of the judgment expired ten days after the judgment was entered. *Id.*; Mo. Sup. Ct. R. 30.01(d). As a result, petitioner's judgment became final on about March 23, 2009. Because petitioner did not file an appeal or motion for post-conviction relief within the one-year period, the limitations period for filing a federal habeas petition expired on March 23, 2010. The petition therefore appears to be time-barred. Petitioner will be given twenty-one days to show cause why this action should not be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner shall show cause, no later than twenty-one (21) days from the date of this Memorandum and Order, why this action should not be summarily dismissed.

**IT IS FURTHER ORDERED** that if petitioner fails to comply with this Order, the Court will dismiss this action without prejudice.

Dated this 24th day of September, 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE