UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EDISON HESTER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:18-CV-845 SNLJ |
| | ) |
| EILEEN RAMEY, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on review of petitioner Edison Hester's response to the Court's September 24, 2018 order to show cause. (Docket No. 12). The Court had ordered petitioner to show cause why his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 should not be summarily dismissed as time-barred. (Docket No. 7). Having reviewed petitioner's response, and for the reasons discussed below, the Court must dismiss this action as untimely.

## Background

On April 3, 2007, petitioner was charged with second-degree burglary, first-degree property damage, and theft/stealing under $500. *State of Missouri v. Hester*, No. 0722-CR07452-01 (22nd Cir., St. Louis City).[1] Petitioner pled guilty to the charges, and on March 13, 2009, the circuit court sentenced him to concurrent terms of fifteen years, seven years, and six months imprisonment respectively. However, the court suspended the execution of the sentences and

---

[1] On March 13, 2009, petitioner also pled guilty in a separate case, *State of Missouri v. Hester*, No. 0722-CR04623-01 (22nd Cir., St. Louis City). The charges in that case were nineteen counts of second-degree burglary, one count of attempted second-degree burglary, twelve counts of stealing under $500, two counts of stealing over $500, and one count of stealing a motor vehicle. He was sentenced to concurrent sentences of fifteen years' imprisonment on the burglary counts, seven years on the attempted burglary count, and six months on the theft counts. The sentences were suspended and petitioner was placed on probation. On November 16, 2011, his probation was revoked, and his sentences executed. All counts were run concurrent with *State of Missouri v. Hester*, No. 0722-CR07452-01 (22nd Cir., St. Louis City).

placed petitioner on probation in a long-term treatment program.[2] Petitioner did not file a direct appeal.[3]

On November 16, 2011, the circuit court found that petitioner had violated the conditions of his probation. The circuit court revoked petitioner's probation and sentenced him to a total of fifteen years' imprisonment. On August 18, 2014, petitioner filed a state postconviction motion pursuant to Mo. S.Ct. R. 24.035, challenging the 2009 conviction. *Hester v. State of Missouri*, No. 1422-CC09496 (22nd Cir., St. Louis City). Because it was filed in an untimely manner, the circuit court dismissed petitioner's motion for post-conviction relief without assigning counsel.

Petitioner filed the instant petition on May 29, 2018, by placing it in the prison mailing system.[4] He argues in the petition that the Missouri state circuit court lacked subject matter jurisdiction and "grossly violated" both his federal and state due process rights. Specifically, petitioner asserts that the circuit court lacked subject matter jurisdiction to accept his plea and impose a sentence. Petitioner also alleges bad faith on the part of the State of Missouri, as well as the absence of counsel.

On September 24, 2018, the Court ordered petitioner to show cause why his case should not be summarily dismissed for untimeliness. The Court noted that under Missouri law, a suspended execution of sentence is an entry of judgment. The Court further noted that because petitioner did not file a direct appeal, his judgment became final ten days after it was entered. Thus, petitioner's judgment became final on March 23, 2009, ten days after petitioner was given his

---

[2] Petitioner successfully completed the treatment program and he was ordered released on probation on May 19, 2010. Petitioner subsequently violated terms of his probation, and his probation was revoked on November 16, 2011.

[3] Petitioner's underlying state court cases were reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these state public records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

[4] "[A] pro se prisoner's petition for writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court." *Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999).

suspended execution of sentence. The one-year statute of limitations for habeas petitions under 28 U.S.C. § 2254 expired on March 23, 2010. Petitioner, however, did not file the instant petition until May 29, 2018, far beyond the one-year limitations period.

Petitioner was given twenty-one days in which to show cause why his petition should not be dismissed as time-barred. He subsequently filed a motion for extension of time to respond, as well as a motion to produce records. (Docket No. 8; Docket No. 9). The Court denied petitioner's motion to produce records. (Docket No. 10). However, the Court granted petitioner's request for an extension of time, and gave him thirty additional days in which to file a show cause response. Petitioner was advised that failure to comply would result in the dismissal of his case.

On October 31, 2018, petitioner filed a document with the Court that has been construed as his show cause response.

**Petitioner's Response**

In his response, petitioner accuses the Court of assuming "the role of the state" and of "locking [his] hands by denying him access to records." (Docket No. 12 at 1). He further asserts that in one of his state cases, he was found competent, and in another state case, incompetent. (Docket No. 12 at 2). He claims this is an "impossible act."

Petitioner further alleges that he was sentenced on his probation revocation without being present in court. According to an exhibit petitioner attached to the response, he was not present in court because he refused to attend the hearing when told he could not personally transport his legal file to the courtroom. (Docket No. 12 at 4-12).

Petitioner concludes his response by asking the Court to either order the records, assign counsel, or issue a certificate of appealability. (Docket No. 12 at 3).

3

**Discussion**

Petitioner has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that the state circuit court lacked subject matter jurisdiction and violated his right to due process. On September 24, 2018, he was ordered to show cause why his petition should not be summarily dismissed as time-barred. The Court has received and reviewed petitioner's response. As discussed in more detail below, the response does not demonstrate any grounds for equitable tolling of the one-year limitations period. Therefore, the Court must dismiss the petition for writ of habeas corpus.

**A. Timeliness**

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Congress established a one-year statute of limitations period for petitioners seeking federal habeas relief from state court judgments. *Finch v. Miller*, 491 F.3d 424, 426 (8th Cir. 2007). This one-year statute of limitations begins to run on the latest of four alternative dates. *Jihad v. Hvass*, 267 F.3d 803, 804 (8th Cir. 2001). Relevant here is the provision stating that a habeas petitioner has one year from the date his judgment becomes final to file his federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1)(A).

The United States Supreme Court has held that a judgment becomes final under § 2244(d)(1)(A) when the time for seeking review in the state's highest court expires. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). For Missouri petitioners who do not file a direct appeal, judgment becomes final ten days after sentencing. *See Camacho v. Hobbs*, 774 F.3d 931, 935 (8th Cir. 2015) (stating that when a petitioner foregoes state appeals, the court must look to state-court filing deadlines to determine the expiration of the time for seeking direct review); and Mo. S.Ct.

R. 81.04(a) ("No such appeal shall be effective unless the notice of appeal shall be filed not later than ten days after the judgment, decree, or order appealed from becomes final").

Under Missouri law, a suspended execution of sentence is an entry of judgment, because the sentence has been assessed and only the act of executing the sentence has been suspended. *See, e.g., Missouri v. Nelson*, 9 S.W.3d 687, 688 (Mo. Ct. App. 1999). The original judgment was entered on March 13, 2009. Because petitioner did not file a direct appeal, the judgment became final ten days later, on March 23, 2009. The one-year statute of limitations expired on March 23, 2010. Petitioner did not file his federal habeas petition until May 29, 2018, beyond the time provided by statute.

To the extent that petitioner attacks his probation revocation hearing, he is still untimely. Petitioner's probation was revoked, and his suspended sentence executed, on November 16, 2011. Petitioner again did not file a direct appeal, and the ten-day period for filing such an appeal ended on November 28, 2011.[5] The one-year statute of limitations therefore expired on November 28, 2012. Again, as noted above, petitioner did not file his federal habeas petition until May 29, 2018, beyond the time provided by statute.

## B. Equitable Tolling

The statute of limitations in 28 U.S.C. § 2244(d) is subject to the doctrine of equitable tolling. *See Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001). A petitioner seeking to invoke equitable tolling must show that "(1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). *See also Keller v. Pringle*, 867 F.3d 1072, 1075-76 (8th Cir. 2017). The

---

[5] Ten days from November 16, 2011 is Saturday, November 26, 2011. However, when the last day of a designated period of time falls on a Saturday, Sunday, or legal holiday, "the period runs until the end of the next day which is neither a Saturday, Sunday nor a legal holiday." Mo. S.Ct. R. 44.01.

5

burden is on the petitioner to demonstrate grounds warranting equitable tolling. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

As to the first prong, the diligence that is required for equitable tolling is "reasonable diligence, not maximum feasible diligence." *Burks v. Kelley*, 881 F.3d 663, 666 (8th Cir. 2018). With regard to the second prong, there must be an extraordinary circumstance that is beyond the prisoner's control and which rises above "a garden variety claim of excusable neglect." *Martin v. Fayram*, 849 F.3d 691, 698 (8th Cir. 2017). This extraordinary circumstance must have made it impossible for the prisoner to file a petition in time. *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000). Furthermore, the extraordinary circumstance must be external to the petitioner and not attributable to his actions. *Johnson v. Hobbs*, 678 F.3d 607, 611 (8th Cir. 2012).

Petitioner's response provides no grounds on which to apply the doctrine of equitable tolling. That is, he provides no "extraordinary circumstance" making it impossible for him to file his petition in time. Instead, petitioner's response accuses the Court of assuming the role of the state. The response also makes arguments that go to the merits of the petition. Petitioner does not, however, address the issue of timeliness, or attempt to assert a reason why he should be excused for not filing this matter within the one-year limitations period.

### C. Summary Dismissal

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief. Here, as discussed above, the petition is time-barred because it was filed after the expiration of the one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1)(A). Despite being given an opportunity to demonstrate why his petition should not be dismissed, petitioner has

failed to establish that the doctrine of equitable tolling is applicable. Therefore, petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus must be dismissed.

### D. Certificate of Appealability

The Court has considered whether or not to issue a certificate of appealability. In order to issue such a certificate, the Court must find a substantial showing of the denial of a federal right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Petitioner has not made such a showing, so the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner Edison Hester's petition for writ of habeas corpus (Docket No. 1) is **DISMISSED** as time-barred. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 17th day of Sept., 2019.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE